USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMOTHY HARNETT,

            Petitioner,         08 Civ. 1061 (JGK)

  - against -                ORDER

JAMES T. CONWAY,

            Respondent.

---

JOHN G. KOELTL, District Judge:

    The petitioner's application to proceed in forma pauperis has already been granted by Chief Judge Wood. (Docket No. 3.)

    The petitioner's motion to appoint counsel is **denied without prejudice to renewal** for failure to make the required showing at this time.

    The Court of Appeals for the Second Circuit has articulated factors that should guide the Court's discretion to appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915, and these standards are useful in determining whether the interests of justice require appointing counsel for a habeas petitioner under 18 U.S.C. § 3006A(a)(2). See Jackson v. Moscicki, No. 99 Civ. 2427 (JGK), 2000 WL 511642, at *4 (S.D.N.Y. Apr. 27, 2000).

    "In deciding whether to appoint counsel, . . . the district judge should first determine whether the indigent's position seems likely to be of substance." Hodge v. Police Officers, 802

F.2d 58, 61 (2d Cir. 1986). Only then can the Court consider the other factors appropriate to determination of whether counsel should be appointed: "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989); see also Hodge, 802 F.2d at 61-62 (2d Cir. 1986). The petitioner has not yet made such a showing.

SO ORDERED.

Dated:   New York, New York
         June 9, 2008

_____
John G. Koeltl
United States District Judge