```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------
TIMOTHY HARNETT,

                Petitioner,        08 Civ. 1061 (JGK)

   - against -                 MEMORANDUM OPINION
                                                          AND ORDER
JAMES CONWAY,

                Respondent.
--------------------------------

JOHN G. KOELTL, District Judge:

    Timothy Harnett, the petitioner, filed this motion to stay his petition for a writ of habeas corpus. James Conway, the respondent, opposes the motion and asks that the Court rule on Harnett's habeas petition. Harnett seeks the stay to allow the New York State Supreme Court, Appellate Division, First Department, to decide his appeal challenging his sentence imposed by the state trial court. Harnett also asks that the Court order the respondent to produce certain documents. For the reasons explained below, the petitioner's motion to stay the habeas petition is granted, and the motion to order the respondent to produce the documents is denied.

I.

    On December 14, 2000, the petitioner was convicted in the New York State Supreme Court, Bronx County, of Sodomy in the First Degree and Criminal Possession of a Weapon in the Fourth

Degree. (Pet'r's Aff. in Supp. of Writ of Error Coram Nobis ("Pet'r's Aff.") ¶ 2; Resp't's Decl. in Opp'n to Pet. for Writ of Habeas Corpus ("Resp't's Decl.") ¶ 5.) The petitioner was originally sentenced to 18 years in prison with no provision for post-release supervision. (Pet'r's Aff. ¶ 2; Resp't's Decl. ¶¶ 5, 15.) The petitioner appealed his conviction to the Appellate Division, where the conviction was affirmed. (Habeas Pet. ¶¶ 10(a)-(d); Resp't's Decl. ¶ 9.) Leave to appeal to the New York State Court of Appeals was denied. (Habeas Pet. ¶ 10(f); Resp't's Decl. ¶ 9.) Various post-conviction motions were unsuccessful. (Resp't's Decl. ¶¶ 10-14.)

On January 4, 2007, the petitioner filed a motion pursuant to New York Criminal Procedure Law § 440.20 to set aside his sentence. (Resp't's Decl. ¶ 15.) The Supreme Court granted the petitioner's motion, holding that the initial sentence was illegal because there was no provision for post-release supervision. (Resp't's Decl. ¶ 15.) The court re-sentenced the petitioner on July 25, 2007 to 18 years in prison, consistent with the original sentence, to be followed by 5 years of post-release supervision. (Resp't's Decl. ¶ 15.) In August 2007, the petitioner sought leave to appeal the re-sentencing to the Appellate Division. (Pet'r's Affirmation ¶ 9, Nov. 11, 2009; Resp't's Decl. 15.) A deputy clerk for the Appellate Division informed the petitioner that the Appellate Division needed a

copy of the re-sentencing order. (Pet'r's Affirmation ¶ 11, Nov. 11, 2009.) The petitioner responded that he never obtained the re-sentencing records, either from the court or from his counsel. (Pet'r's Affirmation ¶ 12, Nov. 11, 2009.) The petitioner's appeal of the ruling has been pending before the Appellate Division for over two years. (Pet'r's Affirmation ¶ 19, Nov. 11, 2009; Resp't's Decl. ¶ 15.) In October 2007, the petitioner filed an initial petition for habeas corpus with this Court, and the Court subsequently directed the filing of an amended habeas petition explaining the grounds sought for relief.

II.

The petitioner seeks to stay his habeas petition so that he may exhaust claims in state court regarding what he considers a vindictive and illegal re-sentencing. The Court may stay a petition to allow for exhaustion of claims in state court if the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously, (2) the claims are potentially meritorious, and (3) the petitioner did not intentionally engage in dilatory tactics. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005); Vasquez v. Parrott, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005). The petitioner's motion to stay meets all three of these criteria.

As the Supreme Court acknowledged in its re-sentencing, the initial sentence was unlawful because it lacked any provision for post-release supervision.  See generally People v. Sparber, 889 N.E.2d 459 (N.Y. 2008).  The petitioner attempted to exhaust his claim that there was a defect in his re-sentencing by seeking leave to appeal to the Appellate Division and that application has been pending during the pendency of the petitioner's habeas proceeding in this Court.  The respondent argues that the petitioner should have filed a notice of appeal from the re-sentencing rather than a request for leave to appeal.  However, that was an argument that the counsel for the respondent did not even make initially, and it is unclear how the Appellate Division will treat the pro se petitioner's application for leave to appeal.  (See Resp't's Decl. ¶ 15 n.3.)  It is clear that the petitioner attempted to exhaust his state court remedies before bringing his federal habeas corpus proceeding and this effort to exhaust his state court remedies is still pending in the state court.  There was thus good cause for the failure to exhaust the petitioner's state court remedies prior to bringing this habeas corpus proceeding.  The petitioner's application to stay is also not dilatory.

While the respondent argues that the re-sentencing was not vindictive and was lawful under state law, based on the letter in opposition to the current motion, the Court could not

4

determine that the claim was "plainly meritless." Rhines, 544 U.S. at 277.

### III.

In a motion dated November 11, 2009, the petitioner requested that the Court compel the respondent to provide certain documents. Specifically, the petitioner seeks documents pertaining to the Appellate Division's consideration of his current application and why it has not been decided. He also seeks any pre-sentence report used at his re-sentencing. All of these requests are appropriately directed to the state courts and the petitioner has shown no basis for discovery in connection with the pending petition for habeas corpus in this Court. See Bracy v. Gramley, 520 U.S. 899, 904 (1997) (habeas petitioner generally does not have right to discovery unless petitioner shows good cause). The petitioner's motion to require the respondent to produce documents is denied.

### CONCLUSION

For the foregoing reasons, the petitioner's motion to stay the habeas petition is **granted**, and the petitioner's motion to compel the respondent to produce documents is **denied**. The current petition is **stayed** until thirty days after a final decision on the petitioner's pending application to the

Appellate Division. The respondent is directed to notify the Court promptly after such a decision. Within thirty days of such a decision, the petitioner may supplement his pending habeas petition with any argument relating to the Appellate Division's decision. The respondent will have thirty days thereafter to respond. The petitioner will have thirty days thereafter to file a reply responding to all of the arguments made by the respondent in response to the petition for habeas corpus. The petition will then be fully briefed.

**SO ORDERED.**

Dated:   New York, New York
         December 9, 2009

_____
John G. Koeltl
United States District Judge